JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LISA SCOTTI

**(b)** County of Residence of First Listed Plaintiff    Arapahoe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor Philadelphia, PA 19102
(215) 545-7676

## DEFENDANTS

GOBRANDS, INC. d/b/a GOPUFF

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); 43 P.S. §951, et seq. ("PHRA");

Brief description of cause:
Plaintiff brings this action against her former employer for retaliating against her due to her complaints of discrimination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
February 26, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __February 26, 2021___   _____   _____
                                        *Attorney-at-Law / Pro Se Plaintiff*                          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| | | |
|---|---|---|
| **A.** | ***Federal Question Cases:*** | |

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10.  Social Security Review Cases
☐  11.  All other Federal Question Cases
     *(Please specify): _____*

**B.**  ***Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify): _____*
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
     *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: __February 26, 2021___   _____   _____
                                          *Attorney-at-Law / Pro Se Plaintiff*                          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LISA SCOTTI | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| GOBRANDS, INC. d/b/a GOPUFF | : | NO. |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( X )

| | | |
|---|---|---|
| February 26, 2021 | _(signature)_ | Plaintiff, Lisa Scotti |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545- 7676 | (215) 827- 5101 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| **LISA SCOTTI** | : | |
| **Denver, CO 80202** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **GOBRANDS, INC. d/b/a GOPUFF** | : | |
| **454 North 12th Street** | : | |
| **Philadelphia, PA 19123** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff Lisa Scotti ("Plaintiff") brings this action against her former employer, GoBrands, Inc. d/b/a goPuff ("Defendant"), for retaliating against Plaintiff, including terminating her employment, as a result of her complaints of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Bill No. 130687, Philadelphia Code § 9-1100, et seq. ("PFPO"). Plaintiff seeks all damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Lisa Scotti, is an individual and citizen of Denver, Colorado.

2. Defendant is a Delaware company with a principal place of business located at 454

North 12th Street, Philadelphia, PA 19123.

3.     At all relevant times, Plaintiff primarily worked at Defendant's Philadelphia offices.

4.     Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5.     At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.     At all relevant times, Defendant employed more than fifteen (15) employees.

7.     At all relevant times, Defendant acted as an "employer" within the meaning of the statutes forming the basis of this matter.

8.     At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the statutes forming the basis of this matter.

### III.     JURISDICTION AND VENUE

9.     The causes of action forming the basis of this matter arise under Title VII, Section 1981, the PHRA, and the PFPO.

10.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §1331 and 28 U.S.C. §1332.

11.     The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

12.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

13.     The District Court has jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C.

§1367 and 28 U.S.C. §1332.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

15.     On or about June 20, 2019, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. This complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of Plaintiff's agency complaint.

16.     On or about November 30, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as "Exhibit 2" is a true and correct copy of that notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff began working at Defendant on or about November 5, 2018.

19.     Plaintiff last held the position of Social Media Manager.

20.     Plaintiff consistently performed her job duties in a highly competent manner.

21.     Plaintiff last reported to Taylor Goldman ("Goldman"), Head of Brand.

22.     Goldman reported to Yakir Gola, Co-Founder, and Rafael Ilishayev, Co-Founder.

23.     Goldman routinely made comments that were discriminatory based on race.

24.     Goldman screamed the word "chink," which Plaintiff understood to be derogatory toward Asians and people of Asian descent.

25.     Goldman commented that an employee's choice of words sounded like "an Asian

3

person," which Plaintiff understood, based on Goldman's tone, to be derogatory towards Asians.

26.     On or about March 14, 2019, Plaintiff attended a meeting with Joanne Ryder ("Ryder"), Vice President, Human Resources, and Jordan Wittlich ("Wittlich"), Manager.

27.     During the March 14, 2019 meeting, Plaintiff complained of race discrimination.

28.     Plaintiff's complaints included complaining that Goldman made race-based comments.

29.     Wittlich also complained of race discrimination during that March 14, 2019 meeting.

30.     Defendant failed to investigate Plaintiff's complaints of race discrimination.

31.     On or about March 25, 2019, Plaintiff was told that Ryder met with Goldman.

32.     On or about March 26, 2019, in a meeting with Ryder and Goldman, Plaintiff was terminated, effective immediately.

33.     Defendant's stated reasons for terminating Plaintiff were that Plaintiff was not happy at Defendant and that she was not a cultural fit for Defendant.

34.     Defendant's stated reasons for terminating Plaintiff are pretextual and/or a reference to Plaintiff's protected activity.

35.     Defendant terminated Plaintiff's employment because of her complaints of race discrimination.

36.     On or about March 26, 2019, in a meeting with Ryder and Goldman, Wittlich's employment was also terminated.

37.     Defendant did not provide Plaintiff with any opportunity to remain employed with Defendant.

38.     Defendant's comments and conduct evidence a bias against employees who engage

in protected activity.

39.     Defendant's retaliatory conduct would dissuade a reasonable employee from engaging in protected activity.

40.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

41.     Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thus warranting the imposition of punitive damages.

## <u>COUNT I – TITLE VII</u>

42.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

43.     By committing the foregoing acts of retaliation against Plaintiff, Defendant has violated Title VII.

44.     Plaintiff's complaints of race discrimination were a motivating and/or determinative factor in connection with Defendant's decision to terminate her employment.

45.     Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

46.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

47.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the

relief requested herein.

48.     No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

49.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

50.     By committing the foregoing acts of retaliation, Defendant has violated Section 1981.

51.     Plaintiff's complaints of race discrimination were a motivating and/or determinative factor in connection with Defendant's decision to terminate her employment.

52.     Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

53.     As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

54.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

56.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

57.     By committing the foregoing acts of retaliation, Defendant has violated the PHRA.

58.     Plaintiff's complaints of discrimination were a motivating and/or determinative

factor in connection with Defendant's decision to terminate her employment.

59.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

### COUNT IV – PFPO

62.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

63.     By committing the foregoing acts of retaliation, Defendant violated the PFPO.

64.     Plaintiff's complaints of discrimination were a substantial, motivating, and/or determinative factor in Defendant's decision to terminate her employment.

65.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

66.     Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)  declaring the acts and practices complained of herein to be in violation of Title VII;

(b)  declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)  declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)  declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)  enjoining and permanently restraining the violations alleged herein;

(f)  entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g)  awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)  awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)  awarding punitive damages to Plaintiff under Title VII;

(j)  awarding punitive damages to Plaintiff under Section 1981;

(k)  awarding punitive damages to Plaintiff under PFPO;

(l)  awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO;

(m) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable

attorneys' fees; and

(n) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW LLC**

Dated: February 26, 2021

*s/ Kevin Console*
Kevin Console, Esquire
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676


Attorney for Plaintiff,
Lisa Scotti

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

JUN 2 0 2019

PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

| | |
|---|---|
| COMPLAINANT: | : |
| **LISA SCOTTI** | : |
| v. | : |
| **RESPONDENTS:** | : |
| **GOBRANDS, INC.** | : |
| and | : |
| **GOPUFF** | : |

Docket No. 2019 01826

1.  The Complainant herein is:

    Name:    <u>Lisa Scotti</u>

    Address:    REDACTED

2.  The Respondents herein are:

    Names:    <u>GoBrands, Inc.; goPuff</u>

    Address:    454 North 12th Street
                        Philadelphia, PA 19123

3.  I, <u>Lisa Scotti</u>, the Complainant herein, allege that I was subjected to unlawful retaliation because of my complaints of race discrimination, as set forth below.

### Retaliation

    **A.  I specifically allege:**

        [1]      I began working at Respondents on or about November 5, 2018.

[2]      I consistently performed my job duties in a highly competent manner.

[3]      I last held the position of Social Media Manager.

[4]      I last reported to Taylor Goldman, Head of Brand.  Goldman reported to Yakir Gola, Co-Founder, and Rafael Ilishayev, Co-Founder.

[5]      Goldman routinely made comments that were discriminatory based on race.

[6]      Goldman screamed the word "chink," which I understood to be derogatory toward Asians and people of Asian descent.

[7]      Goldman commented that an employee's choice of words sounded like "an Asian person," which I understood, based on Goldman's tone, to be derogatory toward Asians.

[8]      On March 14, 2019, in a meeting with Joanne Ryder, Vice President, Human Resources, Jordan Wittlitch, Manager, and I complained of race discrimination.  I complained that Goldman made race-based comments.

[9]      Respondents failed to investigate my race discrimination complaints.

[10]     On March 25, 2019, I was told that Ryder met with Goldman.

[11]     On March 26, 2019, in a meeting with Ryder and Goldman, I was terminated, effective immediately.  The stated reasons were that I was not happy at Respondents and I was not a cultural fit for Respondents.

[12]     Respondents' stated reasons for my termination are pretext and/or statements made because of my race discrimination complaints.

[13]     Respondents terminated my employment because of my complaints of race discrimination.

[14]     On March 26, 2019, in a meeting with Ryder and Goldman, Respondents also terminated Wittlitch's employment.

[15]     Respondents did not provide me with any opportunity to remain employed with Respondents.

[16]     Respondents' comments and conduct evidence a bias against employees who engaged in protect activity.

[17]     Respondents' retaliatory conduct toward me has caused me emotional distress.

B.  Based on the aforementioned, I allege that Respondents have retaliated against because of my complaints of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

   ____     Section 5.1 Subsection(s) _____

   ____     Section 5.2 Subsection(s) _____

   ____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

_**X**_        **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_____
6/20/19
(Date Signed)

_____
(Signature)    Lisa Scotti

REDACTED

# EXHIBIT 2

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: **Lisa Scotti** | From: | **Philadelphia District Office** |
|---|---|---|

To: **Lisa Scotti**
REDACTED

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60815** | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R Williamson*

**11/30/2020**

Enclosures(s)

**Jamie R. Williamson**
**District Director**

*(Date Mailed)*

cc: **GOBRANDS, INC. AND GOPUFF**

**Emily R. Derstine Friesen, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**
derstinefriesen@consolelaw.com
buccieri@consolelaw.com

**Jacqueline R. Barrett, Esq.**
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
**1735 Market Street, Suite 300**
**Philadelphia, PA 19103**
jacqueline.barrett@ogletree.com

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*